Lauren Adornetto Woods
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
700 Alexander Park, Suite 300
Princeton, New Jersey, 08540
609-987-6800
Attorneys for Plaintiff,
GPI, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GPI, LLC,<br><br>              Plaintiff,<br><br>     v.<br><br>DOGGONE GEESE, INC. AND CATHY P. BENEDICT<br><br>              Defendant. | Civil Action No.<br><br><br>**<u>VERIFIED COMPLAINT</u>** |

Plaintiff GPI, LLC, by way of a Verified Complaint against Defendants Doggone Geese, Inc. and Cathy P. Benedict, alleges as follows:

### <u>Nature of the Action</u>

1.      This civil action is brought by a franchisor against a former franchisee pursuant to a Franchise License Agreement which was terminated by the franchisor on February 8, 2018 pursuant to the notice attached hereto as **<u>Exhibit A</u>** and incorporated herein by reference (the "Termination Notice").  The franchisor brings this action to enforce a narrowly crafted covenant not to compete against its former franchisee and to prevent that former franchisee from engaging in unfair competition under the Lanham Act and for infringing the franchisor's trademarks and service marks.

**Jurisdiction and Venue**

2.       The Court has: (a) subject matter jurisdiction over the federal trademark and service mark infringement claims under the Lanham Act pursuant to 28 U.S.C. § 1331 and § 1338(a); (b) subject matter jurisdiction over the unfair competition claim under the Lanham Act pursuant to 28 U.S.C. § 1338(a) and § 1338(b); and (c) supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

3.       The Court also has subject matter jurisdiction over all the claims pursuant to 28 U.S.C. § 1332(a) as there is diversity jurisdiction between the parties.  The Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.       Venue over this action is proper in this judicial district, pursuant to 28 U.S.C. § 1391(a)(2)-(a)(3) because a substantial part of the acts and omissions occurred in this judicial district; a substantial part of the property that is the subject of the action is situated; and/or Defendants are subject to personal jurisdiction in this judicial district having irrevocably consented to submit to the exclusive personal jurisdiction of this Court as set forth in Section 25.9 of the Franchise Agreement.

**Parties**

5.       Plaintiff GPI, LLC is a New Jersey limited liability company having its principal place of business at 5144 West Hurley's Point Road, Farmingdale, New Jersey.  GPI, LLC is the Franchisor.

6.       The members of GPI, LLC are David and Diane Marcks.  Both members reside in New Jersey.

7.      Defendant Doggone Geese, Inc. d/b/a Geese Police of Virginia is a Virginia corporation with its principal place of business in Leesburg, Virginia ("Defendant Doggone Geese") and is a former franchisee.

8.      Defendant Cathy P. Benedict resides in Leesburg, Virginia ("Defendant Benedict") and is the President and Owner of the former franchisee.  Defendant Doggone Geese and Defendant Benedict are collectively referred to as Defendants.

**Franchisor Spends Considerable Time, Effort, Resources
and Funds Developing the Marks and the System for the
Franchise known as GEESE POLICE**

9.      For over twenty years, Franchisor has been continuously engaged in the franchising of a franchise system consisting of distinctive formats, designs, specifications, methods, standards, operating procedures and guidance for Canadian goose/bird control franchises, which use highly trained working Border Collies to herd Canadian geese off a client's property (the "Franchised Business").  With waterfowl protective statutes in place, the Franchised Business practices are one of the few means of dealing with messy Canadian geese in a lawful manner.

10.     Franchisor has 17 franchisees licensed throughout the United States.

11.     Franchisor's primary trademark and service mark is the composite of the words GEESE POLICE and the design as shown below:



12.     The composite service mark shown above was registered by Geese Police, Inc., an affiliate of Franchisor, under U.S. Registration No. 2,378,757 on or about August 22, 2000.  A true and correct copy of the results of a trademark electronic search conducted on the United States Patent and Trademark Office site, is attached hereto as **Exhibit B**, and incorporated herein by reference (the "Composite Mark").

13.     Since August 22, 2000, Geese Police, Inc. has permitted Franchisor to license the Composite Mark for use in the Franchised Business and Franchisor has continuously used the Composite Mark as its trademark and service mark.

14.     Under the same arrangement with Geese Police, Inc., Franchisor also utilizes three additional trademarks and service marks, all of which have been registered by Geese Police, Inc. with the United States Patent and Trademark Office.

15.     The trademark and service mark CALL US TO . . . GET THE FLOCK OUT!® was registered by Geese Police, Inc. under U.S. Registration No. 2,680,858  on or about January 28, 2003.  A true and correct copy of the results of a trademark electronic search conducted on the United States Patent and Trademark Office site, is attached hereto as **Exhibit C**, and incorporated herein by reference.

16.     The trademark and service mark GEESE POLICE® was registered by Geese Police, Inc. under U.S. Registration No. 3,257,763 on or about July 3, 2007.  A true and correct copy of the results of a trademark electronic search conducted on the United States Patent and Trademark Office site, is attached hereto as **Exhibit D**, and incorporated herein by reference.

17.     The trademark and service mark set forth below that consists of the words "GEESE POLICE" with "L" in "POLICE" represented by the shape of a floating goose and the design below was registered by Geese Police, Inc. under U.S. Registration No. 4,294, 452 on or

4

about February 26, 2013.  A true and correct copy of the results of a trademark electronic search conducted on the United States Patent and Trademark Office site, is attached hereto as **Exhibit E**, and incorporated herein by reference.



18.     **Exhibits B-E** described above are collectively referred to herein as the "Geese Police Marks."  The Geese Police Marks are currently valid and enforceable.

19.     Franchisor also owns and uses distinctive business methods in the operation of the Franchise Business.  These distinctive business methods, together with the other benefits of being a franchisee, including use of the Geese Police Marks, shall hereinafter be referred to as the "Geese Police System."

20.     As part of the Geese Police System, Franchisor provides its franchisees with training in Franchisor's methods of doing business and with the experience, expertise and know-how of the Franchisor in the operation of the Franchised Business (collectively the "Geese Police Trade Secrets") to help them succeed with their own businesses.  The training and other aspects of the Geese Police System are also designed to promote and enhance the value of the Geese Police Marks and to encourage uniformity among the franchisees operating under the Geese Police Marks, which itself is beneficial to successful promotion of the Geese Police Marks and the franchisees operated thereunder.

21.     Included among the benefits of the Geese Police System provided to franchisees, such as Defendants, are the following:  (a) providing initial, additional and refresher training along with periodic courses and seminars; (b) making available to franchisee advertising and promotional materials; (c) providing operation manuals and periodic updates thereto, which contain, among other things, Geese Police standards, specifications, procedures and operating techniques; and (d) maintaining a continuing advisory relationship, including written communication and telephone consultation in the areas of advertising, marketing, training and dog care and general business operations for use by all franchisees.

22.     Since the Franchisor began franchising in 1998, Franchisor has licensed the Geese Police Marks to its franchisees for use in specific geographic areas for the term of their franchise. Franchisor also grants its franchisees the right to enjoy the benefits of using the Geese Police System and the Geese Police Trade Secrets.

23.     Franchisees are not, however, authorized to use the Geese Police Marks, the Geese Police System or the Geese Police Trade Secrets following the expiration or termination of their franchises.  *See infra* **Exhibit F**, Section 15 of the Franchise Agreement and

24.     Franchisor and the numerous franchisees have for many years spent large sums of money marketing and promoting the Geese Police Marks that have become identified with the Franchised Business by consumers and which use specially developed business methods, which are proprietary and comprise the Geese Police System.

25.     The Franchised Business has been the subject of significant national media coverage including without limitation NBC News, Washington Post and Washington Times.  A comprehensive list can be found at https://www.geesepoliceinc.com/video.html.

26.     As a result of this extensive marketing and promotion, valuable goodwill has been developed in the franchised areas throughout the United States among consumers for the Geese Police Marks and the Geese Police System for services provided under the Geese Police Marks and the Geese Police System, identifying Franchisor as their sponsor and source.

## DEFENDANTS BECAME FRANCHISEES AND
## OPERATED AS GEESE POLICE OF VIRGINIA

27.     Defendant Doggone Geese has been a franchisee since 2003.   GPI, LLC entered into a new five (5) year Franchise Agreement with Defendant Doggone Geese on or about August 31, 2009.  Defendant Benedict, as the owner of Defendant Doggone Geese, executed the Franchise Agreement on behalf of Defendant Doggone Geese.  On or about August 31, 2009, Defendant Benedict, as the owner of Doggone Geese, executed a Standard Amendment to the Franchise Agreement with the Franchisor.  Herein both documents are referred to as the "Franchise Agreement."

28.     Under Exhibit C to the Franchise Agreement, entitled Guarantee, Indemnification and Acknowledgement, Defendant Benedict personally guaranteed that the obligations of Defendant Doggone Geese under the Franchise Agreement would be performed, and acknowledged and agreed, among other things, to be bound by the franchisee's obligations upon termination and to the covenant not to compete (the "Guarantee").  A true and correct copy of the Franchise Agreement, including the Guarantee, is attached hereto as **Exhibit F** and incorporated herein by reference.

29.     On or about October 22, 2014, Defendant Benedict, as the Owner and President of Doggone Geese, renewed the Franchise Agreement under the same terms and conditions, including the Guarantee ("Renewal Agreement").  A true and correct copy of the Renewal Agreement is attached hereto as **Exhibit G** and incorporated herein by reference.

7

30.     Under the Franchise Agreement, Franchisor granted Defendant Doggone Geese the right . . ."(a) establish and operate a franchised business under the System and using the Proprietary Marks (the "Franchised Business") and (b) to use the Proprietary Marks and the System solely in connection therewith" for an initial term of five (5) years and, subject to conditions contained in the Franchise Agreement, to renew the Franchise Agreement for two additional consecutive terms of five (5) years.

31.     In exchange, Defendant Doggone Geese agreed to pay an initial franchise fee; purchase from Franchisor or a breeder specified by Franchisor the first two trained Border Collies for use in the Franchised Business; and a monthly royalty fee.  Defendants further agreed to all other provisions of the Franchise Agreement, including the obligation to cease operating the Franchised Business and to cease using the Geese Police System and Geese Police Marks upon expiration or termination of the Franchise Agreement.

32.     With the consent of Franchisor and under the terms and conditions of the Franchise Agreement, Defendants operated a Franchised Business in Leesburg, Virginia area as more fully described in the Franchise Agreement.

33.     During the fourteen (14) year period, Franchisor provided, or made available, to Defendants initial and ongoing training; a copyright-protected Manual and periodic updates; operations and business support via direct telephone and email contact with Franchisor's Founder and President David C. Marcks, Lisa Groat, Director of Franchise Operations, and Joe Kohl, Regional Sales Manager; periodic visits aimed at increasing business opportunities by Joe Compton; and regularly scheduled sales demos for prospective clients.

34.     Defendants did not have any prior experience in the operation of Canadian goose/bird control business using highly trained working Border Collies before becoming an

authorized franchisee of Franchisor.  Defendants essentially learned everything they know about the Franchised Business as a result of their participation in the Geese Police System and the training, business development and operations support that they received from Franchisor.

35.    Defendants operated their business as part of the Geese Police franchise, and enjoyed the benefits of use of the Geese Police Marks, the Geese Police System and the Geese Police Trade Secrets for fourteen (14) years.

36.    Franchisor has fully performed its obligations under the Franchise Agreement as evidenced by the complete absence of default notices from the Defendants.

### Franchisor Granted Defendants an Exclusive, Protected Territory to Operate Their Franchised Business

37.    Under the terms of the Franchise Agreement, Franchisor granted Defendants an exclusive, protected territory, and expressly agreed that Franchisor would not, for the five (5) year term of the Franchise Agreement, and the subsequent five (5) year term under the Renewal Agreement operate for itself or grant another to operate a franchise within the following areas (the "Protected Territory"): Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia.

### Franchisor Terminated the Franchise Agreement for Defendants' Violation of the Franchise Agreement

38.    Pursuant to the Termination Notice (**Exhibit A**), Franchisor terminated the Franchise Agreement, effective immediately, because Defendants sold and were selling trained Border Colliers for the purpose of geese control in violation of Section 16 of the Franchise Agreement.

39.    Sections 16.2 and 16.2.1 and 16.2.3 provide, in part as follows:

Sections 16.2 and 16.2.3 of the Franchise Agreement provide, in part, as follows:

16.2    Franchisee specifically acknowledges that, pursuant to this Agreement, Franchisee will receive valuable, specialized training and confidential information, including, without limitation, information regarding the operational, sales, and promotional methods and techniques of Franchisor and the System.  Franchisee covenants that during the term of this Agreement, except as otherwise approved in writing by Franchisor, Franchisee shall not, either directly or indirectly, for itself, or through, on behalf of, or in conjunction with any person or legal entity:

16.2.1  Divert or attempt to divert any present or prospective business or customer of Franchisor or any other business operating under the System to any competitor, by direct or indirect inducement or otherwise, or do or perform, directly or indirectly, any other act injurious or prejudicial to the goodwill associated with the Proprietary Marks and the System;

. . .

16.2.3  Own, maintain, operate, engage in, be employed by, provide any assistance to, or have any interest in (as owner or otherwise) any business that: (a) offers products or services which involve the inhabitation of property by, and control of, birds and waterfowl; and (b) is, or is intended to be, located at or within:

16.2.3.1       the county or municipality in which the Approved Location[1] is located; or

16.2.3.2       the Protected Territory; or

16.2.3.3       one hundred fifty (150) miles of the Approved Location; or

16.2.3.4       one hundred fifty (150) miles of any business operating under the Proprietary Marks.

40.    Defendants' sale of trained Border Collies from the Approved Location, while simultaneously operating the Franchised Business, violates the Franchise Agreement, thereby permitting Franchisor to immediately terminate the Franchise Agreement.

41.    By the Termination Notice, Franchisor required Defendants to fully comply with their post-termination obligation set forth in Section 15 of the Franchise Agreement and expressly enumerated in the Termination Notice.

42.    Defendants have not complied with any of their post-termination obligations.

---

[1] The Approved Location is a specific address is Leesburg, Virginia.

43.     Instead, by a February 22, 2018 letter, Defendants, through their counsel, notified Franchisor that they disputed that there was a violation of the Franchise Agreement.  That letter is not attached because it also includes options under which the franchisee would resolve the matter.[2]

44.     By a March 6, 2018 letter, counsel for Franchisor, responded to Defendants' counsel letter stating that the Franchise Agreement has been terminated.  A true and correct copy of the March 6, 2018 letter is attached hereto as **Exhibit H** and incorporated herein by reference.

**Defendants Are Legally and Contractually Obligated
to Discontinue Using the Geese Police Marks and the Geese Police System**

45.     Under Section 15.2 of the Franchise Agreement, upon termination of the Franchise Agreement, Defendants are required immediately to discontinue all use of the Geese Police Marks and the Geese Police System and to take all necessary steps to disassociate themselves from these items.  Section 15.2 provides in pertinent part:

> 15.2.   Franchisee shall immediately and permanently cease to use, in any manner whatsoever, any confidential methods, procedures and techniques associated with the System; and the Proprietary Marks "Geese Police" and all other Proprietary Marks and distinctive forms, slogans, signs, symbols, and devices associated with the System.  In particular, Franchisee shall cease to use, without limitation, all signs, advertising materials, displays, stationery, forms, products, and any other articles which display the Proprietary Marks.

46.     Despite the termination of the Franchise Agreement, Defendants continue to use, to Franchisor's detriment, the Geese Police Marks and the Geese Police System.

47.     Franchisor has confirmed that Defendants have not disassociated and continue to operate an authorized Franchised Business in the following ways:

- Defendants maintain a website at http://www.geesepoliceloudoun.com that states in pertinent part that Geese Police of Loudoun, located in Leesburg, VA, has been

---

[2] Counsel for Plaintiff is willing to file this letter with the Court provided that Defendants, or their attorney, provides consent.

providing quality goose control and pest solutions since 2001, and is part of a nation-wide company that **invented this type of service** over twenty years ago, in 1986 (see geesepolice.com).   The website being referenced is that of the Franchisor.

- Defendants continue to utilize Geese Police Marks as evidenced by the following photographs taken of Defendants' employee driving the vehicle used in the operation of the Franchised Business after the February 8, 2018 date of termination of the Franchise Agreement.





- Defendants have continued to service the same customer accounts using the Geese Police Marks and Geese Police System that they serviced prior to February 8, 2018.

48.   Defendants' continued use of the Geese Police Marks and the Geese Police System contravenes their post-term obligations under the Franchise Agreement and the Lanham Act.

**Defendants Are Barred by the Covenant Not to Compete to Operate any Business that Uses or Sells Border Collies for the Purpose of Canadian Geese Control**

49.   Under Section 16.3 of the Franchise Agreement, upon termination of the Franchise Agreement, Defendants are barred, for a period of two (2) years, either directly or indirectly owning, maintaining, operating, engaging in, being employed by, providing assistance to, or having any interest in (as an owner or otherwise) any business that: "(i) involves  the

inhabitation of property by, and control of, birds and waterfowl; and (ii) is, or is intended to be, located at or within:

> 16.3.1 the county or municipality in which the Approved Location is located; or
>
> 16.3.2 the Protected Territory; or
>
> 16.3.3 one hundred fifty (150) miles of the Approved Location; or
>
> 16.3.4 one hundred fifty (150) miles of any business operating under the Proprietary Marks, provided, however, that the provision shall not apply to the operation by Franchisee to any business under the System which may be franchised by Franchisor to Franchisees.

50.     Defendants' continued operation of the Geese Police business in the same territory as the Protected Territory directly violates the covenant not to compete contained in the Franchise Agreement.

## IRREPARABLE HARM AND OTHER DAMAGE

51.     Unless and until Defendants are enjoined from using the Geese Police Marks and the Geese Police System, from breaching the covenant not to compete contained in the Franchise Agreement, from misappropriating the Geese Police Trade Secrets, and from unfairly competing with the Franchisor, Franchisor and its franchisees are being and will continue to be irreparably harmed in the nature of:

> (a)     Confusion of customers who intend to do business with a legitimate Geese Police franchisee;
>
> (b)     Damage to customer goodwill and the confidence and trust customers repose in Franchisor and its franchisees;
>
> (c)     Disturbance of Franchisor and its franchisees' relationships with customers;
>
> (d)     Damage to Franchisor's business reputation;

     (e)     Loss of confidence of Franchisor's remaining franchisees who rely on Franchisor to enforce covenants not to compete;

     (f)     Loss of the integrity of the Geese Police Marks and the Geese Police System for which Franchisor's remaining franchisees continue to pay under their respective Franchise Agreements; and

     (g)     Damage to the continued viability of Franchisor's franchise system.

52.     In addition, irreparable harm is resulting from Defendants' breach of their covenant not to compete.  One of the neighboring franchisees in the Northern Virginia Precinct is prepared to service Defendants' former Protected Territory and expand their Franchised Business.  However, these franchisees will be unsuccessful if Defendants continue to do business in their former Protected Territory.  Defendants' continued operation of their business interferes with Franchisor's ability to continue the Franchised Business in the Western Virginia Precinct.

53.     Moreover, it is typical for other franchisees to monitor the actions of Franchisors in response to franchisees like Defendants who continue to operate a business in violation of the covenant not to compete of the Franchise Agreement.  This is particularly true when the former franchisee has been in the system for a substantial period of time.

54.     If Defendants are permitted to breach their covenant not to compete, this will establish a dangerous precedent and potentially encourage other franchisees to "break away" and leave the Geese Police System and continue to operate their existing businesses under a different name at or near the location of their former Franchised Business, or even do what Defendants did until their franchise was terminated – sell trained Border Collies for the purpose of geese control. All of this conduct by Defendants causes an irreparable loss of customer goodwill associated with the Geese Police Marks and the Geese Police System and the businesses operated thereunder.  The value of being part of the franchise network of Franchisor and paying royalty

fees is greatly diminished if franchisees may run competing business both during and after the termination of the Franchise Agreement.

## COUNT I

### TRADEMARK AND SERVICE MARK
### INFRINGEMENT UNDER SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

55.     Franchisor incorporates by reference each of the allegations contained in paragraphs 1 through 54 of the Complaint as if each was separately restated here.

56.     Defendants are currently using the Geese Police Marks and the Geese Police System even though Defendants' Franchise Agreement has been terminated, and Franchisor no longer consents to Defendants' use of the Geese Police Marks and the Geese Police System.

57.     Defendants' conduct willfully violates their obligations to Franchisor and flagrantly violates the Lanham Act.

58.     Defendants' use of the Geese Police Marks in connection with the operation of their business is likely to cause confusion or mistake in the minds of the public and cause purchasers to believe that the services being offered or intended to be offered were the services of Franchisor, and thus constitute an infringement of Franchisor's trademark and service mark rights.

59.     Defendants' infringement was and is a willful attempt to deceive the public, trade upon the goodwill of Franchisor and cause irreparable harm to Franchisor.

60.     The conduct of Defendants constitutes fraud and deceit upon the consuming public in the United States.

61.     Said conduct has resulted and will continue to result in the loss of Franchisor's goodwill and have caused and will continue to cause Franchisor's irreparable injury.

62.     Franchisor has no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION
### UNDER SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

63.     Franchisor incorporates by reference each of the allegations contained in paragraphs 1 through 62 of the Complaint as if each was separately restated here.

64.     Defendants are in the business of providing geese control through the sale and use of trained Border Collies.

65.     Defendants are using the Geese Police Marks per se, and in a manner confusingly similar to the Geese Police Marks used by Franchisor and its franchisees.

66.     The business format currently used by Defendants is the same or closely related to the Geese Police System that has been developed by Franchisor and its predecessors.

67.     Defendants' continued use of Geese Police Marks and Geese Police System is likely to cause mistake or confusion in the marketplace in the minds of purchasers and lead them to believe that Defendants' services are those of Franchisor or one of its authorized franchisees.

68.     Use by Defendants of the Geese Police Marks and the Geese Police System in connection with its services constitutes unfair competition under the Lanham Act.

69.     Defendants are deliberately attempting to trade upon the goodwill of Franchisor by selling and advertising their services as the services of Franchisor.

70.     The acts of Defendants constitute a fraud and deceit upon the consuming public in the United States.

71.     Said conduct has resulted and will continue to result in the loss of Franchisor's goodwill and have caused and will continue to cause Franchisor's irreparable injury.

72.     Franchisor has no adequate remedy at law.

## COUNT III

### BREACH OF FRANCHISE AGREEMENT--
### VIOLATION OF THE COVENANT NOT TO COMPETE

73.     Franchisor incorporates by reference each of the allegations contained in paragraphs 1 through 54 of the Complaint as if each was separately restated here.

74.     Defendants have violated and are continuing to violate their covenant not to compete in the Franchise Agreement by selling trained Border Collies for geese control and by operating a geese control business using trained Border Collies.  This business is being operated within Defendants' former Protected Territory, as defined in the Franchise Agreement because it is being operated at precisely the same location as the business formerly authorized to operate pursuant to the Franchise Agreement.

75.     The conduct of Defendants is willful, intentional and unprivileged, and has caused and is continuing to cause irreparable harm as well as monetary damages to Franchisor.

76.     Franchisor has no adequate remedy at law.

## COUNT IV

### BREACH OF FRANCHISE AGREEMENT--
### VIOLATION OF REMAINING POST-TERMINATION OBLIGATIONS

77.     Franchisor incorporates by reference each of the allegations contained in paragraphs 1 through 54 of the Complaint as if each was separately restated here.

78.     As the Termination Notice stated, Defendants were required upon termination to comply with their remaining post-termination obligations including:

(a)     returning to Franchisor the Customer List, Manual and all other records, correspondence, and instructions containing confidential information relating to the operation of the Franchised Business (and any copies thereof) to Franchisor;

(b)     assigning all Franchisee's contracts with its customers to Franchisor;

(c)      canceling any assumed name registration or equivalent registration obtained by Franchisee which contains the mark "Geese Police" or any other Proprietary Marks; and

(d)      paying liquidated damages in the amount of $18,089.53.

*See* **Exhibit A**, Termination Notice and **Exhibit F**, Sections 15.3, 15.7 and 15.10 of the

Franchise Agreement.

## PRAYER FOR RELIEF

WHEREFORE, GPI, LLC demands judgment in its favor and against Defendants with respect to all Counts of the Complaint as follows:

A.  That Defendants and their officers, owners, agents, servants, employees, attorneys, and all persons in active concert or participation with them be preliminarily and thereafter permanently enjoined from using the Geese Police Marks, Geese Police Trade Secrets and the Geese Police System, or any elements thereof, in connection with the operation of any business that offers products or services which involve the inhabitation of property by, or control of, birds and waterfowl, including but not limited to the business currently being operated in Leesburg Virginia and in the counties of Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia.

B.  That Defendants be required to make such changes in the signage of all vehicles, take down the website http://www.geesepoliceloudoun.com, cease using any articles or other instrumentalities that contained the Geese Police Marks, and cease any communications that would identify Defendants are being associated with the Franchisor.

C.  That Defendants be required to notify all of its former customers in a written communication approved by Franchisor that they are no longer conducting a geese

control business using trained Border Collies and request each such customer to contact the Franchisor if they are interested in continuing such service.

D.  That Defendants and their officers, owners, agents, servants, employees, attorneys, and all persons in active concert or participation with them be preliminarily and thereafter permanently enjoined for a period of two (2) years from the date of entry of such injunction from, directly or indirectly, conducting or operating a birds and waterfowl control business in (i) Leesburg, Virginia; (ii) in the counties of Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia; (iii) within 150 mile radius the counties of Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia; and (iv) within a 150 miles of the Franchised Businesses of the Franchisor.

E.  That Defendants and their officers, owners, agents, servants, employees, attorneys, and all persons in active concert or participation with them be preliminarily and thereafter permanently enjoined for a period of two (2) years from the date of entry of such injunction from, directly or indirectly, engaging in any business that sells Border Collies for geese control in (i) Leesburg, Virginia; (ii) in the counties of Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia; (iii) within 150 mile radius the counties of Counties of Loudoun and Clarke, Virginia and the Towns of Reston and Herndon, Virginia; and (iv) within a 150 miles of the Franchised Businesses of the Franchisor.

F.  That Defendants be preliminarily and thereafter permanently enjoined from effecting assignments or transfers, forming new entities or associations or utilizing any other

device for the purpose of circumventing or otherwise avoiding the directives of the injunction.

G.  That Defendants be required to return to Franchisor the Customer List, Manual and all other records, correspondence, and instructions containing confidential information relating to the operation of the Franchised Business (and any copies thereof) to Franchisor;

H.  That Defendants be required to assign all Franchisee's contracts with its customers to Franchisor;

I.  That Defendants be required to cancel any assumed name registration or equivalent registration obtained by Franchisee which contains the mark "Geese Police" or any other Proprietary Marks

J.  That Defendants be required to make a verified report to the Court within thirty (30) days setting forth all actions taken by the Defendants to comply with the injunction and the relief granted herein and dates such actions were taken.

K.  That Plaintiffs be awarded liquidated damages in the amount of $18,089.53 under Section 15.10 of the Franchise Agreement.

L.  That Plaintiffs be awarded damages under the Lanham Act and that such damages be trebled.

M.  That Plaintiffs be awarded its reasonable costs and expenses, including reasonable attorneys fees as authorized by Section 25.2 of the Franchise Agreement.

N.  That Plaintiff be given such other and further relief as the Court may deem just and proper.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify, to the best of my knowledge, that the matter in controversy is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding or administrative proceeding, nor is any other action, arbitration proceeding or administrative proceeding contemplated.

_s/ Lauren Adornetto Woods_
Lauren Adornetto Woods
Buchanan Ingersoll & Rooney PC
Incorporated in Pennsylvania
700 Alexander Park, Suite 300
Princeton, NJ 08540
(609) 987-6813

Attorneys for Plaintiff GPI, LLC

Dated:  __, 2018

## **VERIFICATION**

DAVID C. MARCKS, of full age, declare as follows:

1. I am the President, a Member of and the Founder of Franchisor GPI, LLC, the Plaintiff in this action.  I am the person most familiar with the facts underlying this action, and am authorized to make this Verification on behalf of GPI, LLC.

2. I have reviewed the foregoing Verified Complaint and the factual allegations set forth therein are true and correct to the best of my knowledge, information and belief.

I declare under penalty of perjury of the laws of the United States of America that the foregoing statements are true and correct.


Dated: _____          _____
                                              David C. Marcks