# EXHIBIT H

## Buchanan Ingersoll & Rooney PC

**John R. Previs**
412 562 8957
john.previs@bipc.com

One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
T 412 562 8800
F 412 562 1041
www.bipc.com

March 6, 2018

**SENT VIA U.S. MAIL**
**First Class and email to:**

Dirk McClanahan, Esquire
McClanahan Powers, PLLC
8133 Leesburg Pike
Suite 130
Vienna, VA 22182
dmclanahan@mcplegal.com

Re: Franchise Agreement by and between GPI, LLC and Doggone Geese, Inc. dated August 31, 2009 (the "Franchise Agreement")

Dear Mr. McClanahan:

Reference is made to your letter dated February 22, 2018. Your client is contesting the termination of the Franchise Agreement and the enforcement of the post-termination obligations.

Despite your client's position, the Franchise Agreement has been terminated.

By this letter, we are formally notifying you that Ms. Cathy Benedict and Doggone Geese, Inc. have an obligation to preserve all electronic information, including electronic information on websites and Twitter accounts, as well as hard copy documents relative to your franchise relationship with GPI, LLC, the termination of the franchise relationship and the businesses operated by Ms. Benedict in selling dogs.

Finally, in order to clarify one factual matter, I have attached Exhibit C to the Franchise Agreement (Guarantee, Indemnification and Acknowledgment) executed by Ms. Benedict, Individually.

Very truly yours,

John R. Previs

Attachment
4831-1729-8270, v. 1

## EXHIBIT C

## GUARANTEE, INDEMNIFICATION, AND ACKNOWLEDGMENT

As an inducement to GPI, LLC ("Franchisor") to execute the Franchise Agreement between Franchisor and **Dog Gone Geese, Inc. d/b/a Geese Police® of Virginia** ("Franchisee") dated August 31, 2009 (the "Agreement"), the undersigned, jointly and severally, hereby unconditionally guarantee to Franchisor and its successors and assigns that all of Franchisee's obligations under the Agreement will be punctually paid and performed.

Upon demand by Franchisor, the undersigned will immediately make each payment required of Franchisee under the Agreement. The undersigned hereby waive any right to require Franchisor to: (a) proceed against Franchisee for any payment required under the Agreement; (b) proceed against or exhaust any security from Franchisee; or (c) pursue or exhaust any remedy, including any legal or equitable relief, against Franchisee. Without affecting the obligations of the undersigned under this Guarantee, Franchisor may, without notice to the undersigned, extend, modify, or release any indebtedness or obligation of Franchisee, or settle, adjust, or compromise any claims against Franchisee. The undersigned waive notice of amendment of the Agreement and notice of demand for payment by Franchisee, and agree to be bound by any and all such amendments and changes to the Agreement.

The undersigned hereby agree to defend, indemnify, and hold Franchisor and its affiliates harmless against any and all losses, damages, liabilities, costs, and expenses (including, but not limited to, reasonable attorneys' fees, reasonable costs of investigation, court costs, and arbitration fees and expenses) resulting from, consisting of, or arising out of or in connection with any failure by Franchisee to perform any obligation of Franchisee under the Agreement, any amendment thereto, or any other agreement executed by Franchisee referred to therein.

The undersigned hereby acknowledge and agree to be individually bound by all of the covenants contained in Sections 9, 15, 16, 20 and 24 of the Agreement.

This Guarantee shall terminate upon the termination or expiration of the Agreement, except that all obligations and liabilities of the undersigned which arose from events which occurred on or before the effective date of such termination shall remain in full force and effect until satisfied or discharged by the undersigned, and all covenants which by their terms continue in force after the expiration or termination of the Agreement shall remain in force according to their terms. Upon the death of an individual guarantor, the estate of such guarantor shall be bound by this Guarantee, but only for defaults and obligations hereunder existing at the time of death; and the obligations of the other guarantors will continue in full force and effect.

Unless specifically stated otherwise, the terms used in this Guarantee shall have the same meaning as in the Agreement, and shall be interpreted and construed in accordance with Section 24 of the Agreement. This Guarantee shall be interpreted and construed under the laws of the State of New Jersey, notwithstanding any conflict of laws rules.

The Guarantors agree that the dispute resolution and attorney fee provisions in Section 24 of the Agreement are hereby incorporated into this Agreement by reference, and references to


"Franchisee" and the "Franchise Agreement" therein shall be deemed to apply to "Guarantors" and this "Guarantee", respectively, herein.

Any and all notices required or permitted under this Guarantee shall be in writing and shall be personally delivered, sent by registered mail, or sent by other means which afford the sender evidence of delivery or rejected delivery, to the respective parties at the following addresses unless and until a different address has been designated by written notice to the other party:

Notices to Franchisor:  GPI, LLC
126 South Main Street
Farmingdale, New Jersey 07727
Attn: Ms. Dianne Neveras

Notices to Guarantors:  Dog Gone Geese, Inc.     **REDACTED**
P.O. Box 2608,
Leesburg, VA 20175
Attn: Cathy ~~Fiddler~~ Benedict

Any notice by a method which affords the sender evidence of delivery or rejected delivery shall be deemed to have been given at the date and time of receipt or rejected delivery.

IN WITNESS WHEREOF, each of the undersigned has signed this Guarantee as of the date of the Agreement.

GUARANTORS

_Cathy Benedict_
Name        **REDACTED**

_____
Social Security Number    **REDACTED**

Residence Address  _Leesburg VA 20175_

STATE OF _____ )
                    )
COUNTY OF _____ )

Personally appeared before me this _____ day of _____, 20____, _____ and _____, to me known to be the persons who executed the foregoing Guarantee.

Notary Public: _Nicole Jeffers_

(NOTARY SEAL)    My Commission Expires: _____

```
NICOLE SUEN JEFFERS
Commission # 2392684
Notary Public, State of New Jersey
My Commission Expires
January 12, 2015
```

2